**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DOROTHY A. THOMAS,                          *
o/b/o JAMES M. THOMAS,                       *
                                             *
                         Plaintiff,          *
v.                                           *            No. 5:11-cv-00017-SWW-JJV
                                             *
DOLLARWAY HIGH SCHOOL, *et al.*,             *
                                             *
                         Defendants.         *

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan

Webber Wright.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

United States District Judge Susan Webber Wright referred this matter to the undersigned for further proceedings and recommendation. For the reasons outlined below, the Court recommends that Plaintiff's Complaint be DISMISSED for lack of federal subject matter jurisdiction.

## I.   BACKGROUND

On January 27, 2011, Plaintiff, Dorothy A. Thomas, filed a Complaint (Doc. No. 2) on behalf of her minor son, James Thomas, who was arrested at Dollarway High School on January 28, 2010. Ms. Thomas complains about the way the high school staff and law enforcement officers handled the arrest of her son. She also complains that her son was placed in the juvenile justice center for four days and was forced to write a letter of apology. Ms. Thomas asks that this Court "settle this matter" so that she and her son can have closure. (Doc. No. 2).

## II.   DISCUSSION

Federal Rule of Civil Procedure 12(h)(3) requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3); See also *Delorme v. United States*, 354 F.3d 810, 815 (8th Cir. 2004) ("As a jurisdictional requirement, however, standing can be raised by the court sua sponte at any time during the

litigation"). When jurisdiction does not exist, the court, whether trial or appellate, "shall dismiss the action sua sponte." *Williams v. Rogers*, 449 F.2d 513, 518 (8th Cir. 1971). "Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." *Tuner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991).

In this case, Ms. Thomas does not assert any grounds for federal subject matter jurisdiction under 28 U.S.C. 1331.[1] She has failed to allege any constitutional claims against any of the named Defendants. Therefore, the Court finds that subject matter jurisdiction does not exist.

## III. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) should be DISMISSED for lack of subject matter jurisdiction, and the requested relief be DENIED; and

2. Plaintiff's Application to Proceed In Forma Pauperis (Doc. No. 1) and Motion to Appoint Counsel (Doc. No. 3) should also be DENIED.[2]

DATED this  11th  day of February, 2011.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc., v. Williams*, 482 U.S. 386, 392 (8th Cir. 1987) (citations omitted).

[2] See 28 U.S.C. § 1915(e)(2)(b)